## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 4 2003

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

D.G., AND S.G., As Parents and Next
Friends of P.G., a Minor,

    **Plaintiff**

    vs.

JONESBORO SCHOOL DISTRICT;
JAMES ELLIS, Principal, Individually,
and In His Official Capacity; AND TINA
TOWNSLEY, Individually, and In Her
Official Capacity,

    Defendants

**COMPLAINT**

CASE NO. _3:03 CV 00213_

This case assigned to District Judge _Howard_
and to Magistrate Judge _Forster_

## COMPLAINT

Come now the Plaintiffs, D. G. and S.G., as Parents and Next Friends of P.G., a Minor, by and through their attorney, Theresa L. Caldwell, and for their Complaint against Defendants, Jonesboro School District, James Ellis, and Tina Townsley, state and allege:

### I. PRELIMINARY STATEMENT

1.    This is a suit by the Parents of P.G. to redress the deprivation of federal civil, statutory and constitutional rights protecting the rights of children with disabilities and ensuring that such children with disabilities are provided a free appropriate public education (FAPE) free from discrimination and assault, which deprivations have served to deprive P.G. of his right to a free appropriate public education without discrimination and assault, and have denied P.G. of the procedural protections and substantive rights

provided under the law, which have resulted in retaliation and discrimination against P.G.; which have placed P.G. at substantial risk of harm; which have denied P.G. due process and rights accorded under these Acts; and which have denied P.G. equal protection under the law. This action further seeks redress for the deprivation of Plaintiff's rights secured by 29 U.S.C. 794 ("§ 504"), the Americans With Disabilities Act, and the Fourteenth Amendment to the Constitution of the United States; and to redress through declaratory and injunctive relief the discrimination, retaliation, constitutional deprivation of rights and abuses toward P.G. by Defendants, Jonesboro School District, James Ellis, and Tina Townlsey; and to recover compensatory and punitive damages as a result of the tortious acts of Defendants James Ellis and Tina Townsley.

2. The jurisdiction of this Court is invoked pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. 794; the Americans With Disabilities Act, 42 U.S.C. 12101, Title IV; Title IX, and Sections 1981 and 1983 of the Civil Rights Act, 42 U.S.C. § 1981; 42 U.S.C. §1983, which confer jurisdiction on the District Court of the United States; the Equal Education Opportunity Act, 20 U.S.C. 1706; federal question jurisdiction and 28 U.S.C. 2201 and 2202, declaratory and injunctive relief jurisdiction. Venue properly lies in this Court pursuant to 28 U.S.C. Section 1392. Plaintiffs further assert pendent jurisdiction of state law claims for negligence, and outrage.

## II. PARTIES

3. D.G. and S.G. are parents and natural guardians of P.G. a minor who bring this action individually and on behalf of their minor child. At all times pertinent

hereto P.G. was a 11 year old child with a disability as such is defined in 20 U.S.C. §1401(3)(A) who resided in and was enrolled in the Jonesboro School District.

4.      Defendant Jonesboro School District ("District") is a political subdivision of the State of Arkansas. The Jonesboro Board of Education is the District's policy making body responsible for the formulation and implementation of standards of behavior and limits of behavior as established by the Arkansas Department of Education and the Arkansas Legislature, and is further responsible for the development of educational policies, practices, and procedures with respect to Jonesboro School personnel and students within the Jonesboro School District and is subject to the mandates of § 504.

5.      Defendant James Ellis is employed as principal of Annie Camp Junior High School and works directly under the Superintendent of Schools. Ellis is responsible for the overall education and administration and implementation of the rules, policies and regulations as they relate to students placed at Annie Camp Junior High School and is further responsible for the supervision of personnel and correction of staff at Annie Camp Junior High School. He is sued both individually and in her official capacity.

6.      Defendant Tina Townsley is employed by Jonesboro School District as a special education teacher and is directly responsible for the implementation of individual instruction for certain children with disabilties, and in particaular for P.G., who at all times pertinent hereto was placed in her self contained classroom. She is sued both officially and in her individual capacity.

## II. FACTUAL BACKGROUND

7. At all times pertinent hereto P.G. was enrolled and attended the Jonesboro School District and required special education and related services due to his Autism.

8. On or around August, 2001, P.G. underwent extensive surgery to correct a problem associated with his autism which caused him to "toe walk." Thereafter, on September 25, 2001, P.G. returned to Defendant Townsley's self contained classroom at Anne Camp Junior High School.

9. At that time P.G. was placed at Annie Camp Junior High School, there were no other children of P.G.'s age placed in the self contained classroom and there was no age appropriate programming or age appropriate interaction provided for P.G. who was chiefly non verbal due to his disability and who was unilaterally removed from an age appropriate placement due to his race so that a white child could have his placement in an age appropriate classroom.

10. During the time that P.G. was placed in Defendant Townsley's self contained classroom, Defendant Townsley singled P.G. out for punishment and humiliation and otherwise exploited and abused P.G. due to his race, which actions were reported to Defendant Ellis and other District administrators for correction. Instead of correcting the conduct of Defendant Townsley, Defendant Ellis and other District administrators were deliberately indifferent to the actions of Defendant Townsley who continued to single P.G. out for abuse and discrimination in her classroom.

11. On or around December 19, 2001, while at the breakfast table in the cafeteria, when P.G. reached for a piece of sausage, Defendant Townsley physically

abused P.G., striking him in the face with her hand and causing immediate pain and suffering to P.G.

12.     Thereafter, instead of contacting D.G. and S.G. concerning the incident, Defendants instead sought to hide the abuse done to P.G. who due to his disability was unable to speak to his Parents about the incident and Defendants made threats to other subordinate school personnel who witnessed the incident to discourage them from reporting the abuse to authorities or to the parents of P.G.

13.     Later, when P.G. began to exhibit signs of regression and began exhibiting "toe walking" and other adverse regressive behaviors, after various conversations with District personnel and attempts to discover what had happened in P.G.'s classroom, D.G. and S.G. were advised by an eye witness to the event that Defendant Townsley had assaulted P.G. Thereafter, D.G. and S.G. removed P.G. from the abusive environment of Defendant Townsley's classroom.

14.     On February 13, 2002, D.G. and S.G. filed a formal request for due process hearing with the Arkansas Department of Education on behalf of P.G. alleging certain failures by the Defendant District concerning the provision of a Free and Appropriate Public Education (FAPE). As a result of Plaintiff's request, on March 21, 2002, a due process hearing was conducted under the direction of the Arkansas Department of Education after which time an agreement was reached disposing of certain issues relating to a Free and Appropriate Public Education for P.G. by the Jonesboro School District, but preserving other claims raised herein for purposes of exhaustion.

15.     On March 25, 2002, the Arkansas Department of Education Due Process

Hearing Officer issued an Order acknowledging that Plaintiffs had exhausted their administrative remedies therein.

16. The actions of Defendant Ellis and Townsley were deliberate, intentional, and discriminatory which actions have violated Plaintiff's civil, IDEA, and constitutional rights.

17. That the actions of Defendant District and Defendant Ellis in failing to properly train, properly supervise, and take corrective measures to address the discriminatory practices of District personnel and the inappropriate actions of Defendant Townsley and in failing to take remedial actions necessary to redress the intentional and discriminatory actions of Defendant Townsley of which said Defendant had actual or constructive notice demonstrate deliberate indifference.

18. Due to the intentional acts of Defendants Ellis and Townsley, P.G. incurred damages and D.G. and S.G. suffered emotional distress.

## IV. CLAIMS

### 1983 & 504 CLAIMS

19. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1-18 herein.

20. P.G. is a handicapped individual within the meaning of 29 U.S.C. § 706 (8)(B).

21. P.G.'s rights secured under the Fourteenth to the Constitution have been violated.

22. The deprivation of P.G.'s rights alleged herein were committed by Defendant Ellis and Townsley while acting under color of state law.

23. The actions of Defendants Ellis and Townsley as alleged herein demonstrate deliberate indifference to P.G.'s constitutional rights which indifference resulted in discrimination and deprivation of rights and damages to P.G.

24. The Defendants herein have acted in bad faith and have further committed gross negligence and/or willful acts in spite of their knowledge of Plaintiff's disability and in the discriminatory and tortuous actions of Defendants Ellis and Townsley which have proximately caused Plaintiff's damages.

25. Defendant Jonesboro School District is an entity who receives federal funds and as such is covered by the mandates of Title IV, Title IX, and Section 504 of the Rehabilitation Act of 1973.

26. P.G. was discriminated against by said Defendants due to his race and disability and due to actions of Defendant District's personnel who were carrying out the District's official policy or custom with respect to the placement of P.G. at the Annie Camp Junior High School, the treatment that P.G. received while placed in the self contained classroom, and the resulting harm and coverup of the physical abuse perpetrated by Defendant Townsley; the Defendants have further violated the procedural requirements of Title IV and §504 resulting in damage to Plaintiff.

27. Plaintiffs have sustained damages resulting from said discrimination.

## VI. AMERICAN WITH DISABILITIES ACT CLAIM

28. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1-27 herein.

29. That P.G. is an individual with a disability within the meaning of 42 U.S.C. § 12131(2).

30.     That Plaintiff has been discriminated against on the basis of his disability by Defendants.

31.     That Plaintiff was discriminated against by the Defendant Jonesboro School District who is a covered entity as defined by 42 U.S.C. § 12131(1).

32.     That Plaintiff has suffered discrimination due to his disability.

33.     That Plaintiff has sustained damages resulting from said discrimination.

## VII. CONSTITUTIONAL CLAIMS

34.     Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1-33 herein.

35.     That Plaintiff has a liberty and property interest to a free public education free from discrimination and a constitutional right to bodily integrity free from physical assault protected by the Fourteenth Amendment.

36.     That P.G. was physically assaulted by Defendant Townsley and was discriminated against and denied an appropriate education by the Defendant District due to the intentional and willful acts of Defendants Ellis and Townsley and the District's lack of proper training, supervision, correction, and an overall policy or custom.

37.     That after receiving complaints about Defendant Townsley's discriminatory treatment of P.G., instead of taking remedial corrective actions, Defendants Ellis and the District instead conspired to keep Defendant Townsley's actions from D.G. and S.G. and to silence the persons who witnessed and reported the abuse.

38.     That said failures and omission of the part of the Defendants have served to deny Plaintiff his rights under the United States Constitution.

39. That such aforementioned denials of due process, a public education, and equal protection have caused Plaintiffs' damages.

## VIII. STATE LAW CLAIMS

40. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1-39 herein.

41. That the aforementioned actions of Defendant Townsley constitute state law claims of assault, battery, and outrage.

42. That the aforementioned acts of the Defendant Townsley are the proximate cause of damages sustained by the Plaintiffs.

43. That the aforementioned acts of the Defendant Ellis and the Jonesboro School District named herein constitute breach of a duty to train, supervise, and discipline staff working with special education children, and to take corrective measures to address acts of discrimination and in particular with respect to the actions of Defendant Townsley and her treatment of P.G. in the self contained classroom have caused damages to Plaintiffs.

44. That as a result of the aforementioned actions by Defendant Jonesboro School District, Defendant Ellis, and Defendant Townsley, the Plaintiffs have been deprived of their due process and equal protection rights, and their civil rights to be free from discrimination, and due process; has suffered discrimination; has been denied an appropriate educational environment free from abuse and discrimination for P.G.; and has been damaged in an amount to be proven and presented at the trial of this matter.

45. That Plaintiffs should be awarded their attorney's fees and costs associated with this action and for the deprivation of their Constitutional rights asserted

herein.

WHEREFORE, Plaintiffs pray for compensatory damages in an amount provable at trial; for punitive damages to address and remedy Defendants Ellis and Townsley's intentional and malicious misconduct; for an Order requiring the named Defendant Jonesboro School District and/or their agents to cease all forms of discrimination; for an Order requiring the Jonesboro School District to pay damages for discrimination against Plaintiffs and for the deprivation of Plaintiffs' right to due process and equal protection; for an Order to address existing problems at the Jonesboro School District of discrimination of persons with disabilities and of color as prohibited by § 504 of the Rehabilitation Act of 1973, § 1983, and Title VI and Title IX, the Americans with Disabilities Act, the United States Constitution, and such further, an Order requiring additional injunctive relief as the Court finds appropriate and/or necessary to redress the constitutional and statutory wrongs heretofore alleged; for all costs incurred by Plaintiffs, including reasonable attorney's fees, and all other relief to which they may be entitled.

Respectfully submitted,
D.G. and S.G., Plaintiffs

Theresa Caldwell (Bar #91163)
Caldwell Law Offices
5208 Kavanaugh, Suite 2
Little Rock, AR 72207
Phone: (501) 666-5226
Fax: (501) 666-5236